In a proceeding pursuant to SCPA 2110 to fix an attorney’s fee, Mayank V Munsiff appeals from an order of the Surrogate’s Court, Queens County (Nahman, S.), dated June 4, 2007, which denied his motion pursuant to CPLR 5015 (a) (3) to vacate a *679 decree of the same court dated December 14, 2006, adjudging, inter alia, that he was not entitled to any fee for legal services rendered to the estate.
Ordered that the order is affirmed, with costs payable by the appellant personally.
In October 2004 Josephine Tellez (hereinafter the petitioner) retained Mayank V Munsiff (hereinafter the appellant) to attend to legal matters in connection with her husband’s estate and to represent her as executor of the estate. Upon discovering the appellant’s alleged unauthorized use of the estate funds held in an attorney escrow account, the petitioner terminated the appellant’s engagement as attorney for the estate.
The petitioner commenced this proceeding pursuant to SCPA 2110 to determine and fix the appellant’s legal fees. She then moved, inter alia, for summary judgment, claiming that the appellant was not entitled to any fee. In a decree dated December 14, 2006 the Surrogate’s Court adjudged and decreed that the appellant was discharged for cause and was not entitled to any legal fees, and directed him to return the money taken from the escrow account.
The appellant moved for leave to renew and reargue (see CPLR 2221), and to vacate the decree, among other things, based on fraud, misrepresentation, and misconduct (see CPLR 5015 [a] [3]). In an order dated April 3, 2007 the Surrogate’s Court, inter alia, denied those branches of the motion which were for leave to renew and reargue. However, the court did not address that branch of the motion which was to vacate the decree pursuant to CPLR 5015 (a) (3).
The appellant again moved pursuant to CPLR 5015 (a) (3) to vacate the decree, arguing that the court failed to consider his claim alleging fraud, misrepresentation, and misconduct. In the order appealed from, the Surrogate’s Court denied the appellant’s motion to vacate the decree. We affirm.
The appellant failed to establish that the petitioner procured the decree by fraud, misrepresentation, or other misconduct (see CPLR 5015 [a] [3]; see also Citicorp Vendor Fin., Inc. v Island Garden Basketball, Inc., 27 AD3d 608, 609 [2006]). Accordingly, the Surrogate’s Court properly denied the appellant’s motion.
The appellant’s remaining contention is not properly before this Court.
The petitioner’s remaining contention is without merit. Spolzino, J.P, Florio, McCarthy and Dickerson, JJ., concur.